IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENGINEERED DEMOLITION, INC., | ) | |
| Plaintiff, | ) | Case No. 03-2231C |
| v. | ) | (Judge Lettow) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS, WITH APPENDIX**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiff's complaint for lack of subject matter jurisdiction. In support of this motion, we rely upon the complaint ("Compl. ¶ __"), the following brief, and the documents in the appendix accompanying this motion.

**DEFENDANT'S BRIEF**

**ISSUE PRESENTED**

Whether this Court possesses subject matter jurisdiction to entertain an action arising under the Contract Disputes Act where plaintiff failed to submit a certified claim to the contracting officer.

**STATEMENT OF THE CASE**

**I. Nature Of The Case**

Plaintiff Engineered Demolition, Inc. ("ENDE") purports to bring this action pursuant to the Contract Disputes Act of 1978, seeking to recover the total amount of $107,987, plus interest. Compl. ¶ 1. ENDE claims entitlement to this sum (which includes the "pass-through" claim of its subcontractor, Greenfield Logistics, LLC ("Greenfield")) based upon defendant's alleged breach of a contract for the removal, transportation, and disposal of contaminated soils and/or as an equitable adjustment to the contract. Id. ¶ 6.

## II. **Statement Of Facts**[1]

On August 31, 2001, the U.S. Army Corps of Engineers (the "Corps") awarded ENDE contract no. DACW43-010C-0426 (the "contract") for the removal, transportation, and disposal of certain radiologically contaminated soils. Compl. ¶ 8. The contract provides for payment to ENDE of $49.00 per cubic yard of soil removed, and $125.00 per cubic yard of soil transported and disposed. Id. ¶ 8. The contract documents estimated the quantity of soil to be removed to be 8,080 cubic yards, and the (uncompacted) quantity of soil to be transported to be 10,500 cubic yards. Id. ¶ 9.

ENDE completed the removal, transportation, and disposal under the contract, but the amount of soil ultimately turned out to be less than had been estimated. ENDE received payment for the removal of only 5,905 cubic yards, and received payment for the transportation and disposal of only 7,670 cubic yards. Compl. ¶ 20. ENDE now claims entitlement to $107,987 in damages traceable to the shortfall between the estimates in the contract documents and the total amount of soil removed and transported. This sum includes $38,940 allegedly incurred by Greenfield as a result of Greenfield's procurement of more rail cars than were necessary to complete its subcontract. Id. ¶¶ 6, 19. ENDE alleges that both its and Greenfield's damages are attributable to the same shortfall between the amounts estimated in the contract documents and the amounts actually removed and transported.

ENDE alleges in its complaint that "it filed a claim for relief dated July 24, 2002 in the aggregate amount of $107,987," that this claim was denied by letter dated September 25, 2002, and that the September 25, 2002 letter "incorrectly references an ENDE letter dated July 17, 2002 as ENDE's claim." Compl. ¶¶ 20-21. However, neither the United States nor ENDE has identified a copy of any letter dated July 24, 2002. Accordingly, the Government considers the July 17, 2002 letter to be ENDE's claim, and the September 25, 2002 letter (which references the

---

[1] For purposes of this motion only, and except where otherwise noted, we accept the allegations of the complaint.

July 17, 2002 letter and purports to be a final decision with respect to that letter) to be a (purported) denial of that claim.[2]

ENDE's July 17, 2002 letter claims entitlement to $62,427.10 in unrecouped overhead, $6,619.80 in "allowed markup" for the Greenfield pass through claim, and $38,940 for Greenfield's pass-through claim, for an aggregate amount of $107,987. It does not include any language certifying any portion of the letter, including the accuracy of the amount sought, the good faith of the certifier, or the authority of the certifier to make the claim upon behalf of the contractor.

## ARGUMENT

### I. Legal Standard Under RCFC 12(b)(1)

This Court may grant a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) when, in view of the record presented, "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief.'" McCauley v. United States, 38 Fed. Cl. 250, 262-63 (1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although the factual allegations, as pled, must be presumed true and viewed in the light most favorable to the plaintiff, the burden of establishing the Court's jurisdiction falls squarely upon the plaintiff. McCauley, 38 Fed. Cl. at 262-63; Rice v. United States, 31 Fed. Cl. 156, 161 (1994), aff'd, 48 F.3d 1236 (Fed. Cir. 1995) (table).

### II. The Court's Jurisdiction Is Limited

This Court is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428 (1984). Its jurisdiction to entertain claims and to grant relief depends upon, and is circumscribed by, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). The waiver of sovereign immunity, and hence the consent to be sued, must be expressed unequivocally and cannot be implied. Id.

---

[2] Copies of the July 17, 2002 and September 25, 2002 letters are included in the appendix ("App. __) at App. 1-8 and App. 9-13, respectively.

Jurisdiction in this Court must be construed strictly and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. United States v. Mitchell, 445 U.S. 535, 538 (1980). As the United States Court of Appeals for the Federal Circuit has stated, "[i]n construing a statute waiving the sovereign immunity of the United States, great care must be taken not to expand liability beyond that which was explicitly consented to by Congress." Fidelity Construction Co. v. United States, 700 F.2d 1379, 1387 (Fed. Cir. 1983).

**III. This Court Lacks Jurisdiction To Consider A Claim For More Than $100,000 In The Absence Of A Certified Claim To The Contracting Officer**

To satisfy the jurisdictional prerequisites of the Contract Disputes Act, a contractor must submit a written claim to the contracting officer, 41 U.S.C. § 605(a), and the agency must issue a final decision upon that claim, 41 U.S.C. § 609(a)(3). To satisfy the CDA's "written claim" requirement, a contractor must submit a "written demand or written assertion by one of the contracting parties, seeking as a matter of right, the payment of money in a sum certain." FAR § 2.101. The CDA further provides that

> [f]or claims of more than $100,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable, and that the certifier is duly authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 605(c)(1); 48 C.F.R. § 33.207(a); Fischbach & Moore Int'l Corp. v. Christopher, 987 F.2d 759, 762 (Fed. Cir. 1993).

The purpose of the certification requirement is to "trigger[] a contractor's potential liability for a fraudulent claim under section 604 of the Act. It is also designed to discourage the submission of unwarranted contractor claims and to encourage settlements." Skelly & Loy v. United States, 231 Ct. Cl. 270, 376 n.11, 685 F.2d 414, 418 n. 11 (Ct. Cl. 1982) (quotation marks omitted). "Absent appropriate certification, the contracting officer has no CDA claim on which to issue any decision." Newport News Shipbuilding & Dry Dock Co. v. Garrett, 6 F.3d 1547, 1553 (Fed. Cir. 1993).

## IV. Plaintiff Was Required, But Failed, To Submit A Certified Claim

As noted above, ENDE's claims seek recovery of more than $100,000 based upon a single factual premise – the alleged shortfall between the amount of soil estimated in the contract documents and the amount of soil actually removed and transported. As a result, its claims are subject to the certification requirement of 41 U.S.C. § 605(c)(1) and must be dismissed if not properly certified. See Walsky Constr. Co. v. United States, 3 Cl. Ct. 615, 619 (1983).

There is no dispute that the July 17, 2002 letter – the only document in any of the parties' possession that sets forth the quantum of damages that ENDE seeks to recover in this action – does not contain the certification required by 41 U.S.C. § 605(c)(1), or even any language evidencing an attempt to satisfy the certification requirement. In such an instance, the only appropriate remedy is dismissal for lack of subject matter jurisdiction. See, e.g., Scan-Tech Security v. United States, 46 Fed. Cl. 326, 340 (2000) (dismissing uncertified claims for lack of jurisdiction and rejecting argument that complete lack of certification could be cured).

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant defendant's motion to dismiss for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 307-0290
Fax (202) 514-8624

OF COUNSEL:

Beth Pitrolo
U.S. Army Corps of Engineers

January 22, 2004

Attorneys for Defendant