IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ENGINEERED DEMOLITION, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 03-2231C<br>(Judge Lettow) |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW the Plaintiff, Engineered Demolition, Inc. (ENDE), by counsel, and hereby files its response to Defendant's motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, and in support thereof, states as follows:

## I. Preliminary Statement

Defendant contends that ENDE submitted a single "claim" as defined under the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq. (CDA) exceeding $100,000 in value that lacked the certification statement as required by 41 U.S.C. § 605(c)(1). As such, Defendant's argument goes, the Contracting Officer's final decision was improperly rendered, and the Court presently lacks jurisdiction over the matter. Plaintiff respectfully disagrees. As an initial matter, Plaintiff admits that it did not include with its claim submissions standard certification language that typically accompanies CDA claims. In hindsight, it would have been prudent for Plaintiff to have certified its claims to eliminate any conceivable doubt regarding the jurisdiction issue, if for no other reason than to prevent the sort of delay and expense that Plaintiff must bear in responding to Defendant's motion. Indeed, at the Court's request, ENDE would be pleased to provide

the signed certification now, as ENDE has nothing to hide. ENDE's claims are made in good faith, the supporting data are accurate to the best of ENDE's knowledge and belief, and the amount requested does represent the amount that ENDE believes the government is liable.

The more narrow issue, however, is whether the claims raised by ENDE are unnaturally split by design to avoid the CDA certification threshold; or rather, whether the claims are multiple and freestanding. Claims in the former category should be combined and deemed unitary with respect to the CDA certification threshold; claims in the latter category should be disaggregated. Plaintiff urges the Court, for reasons below, to hold that ENDE's claims are of the latter variety and thus should be treated independently for CDA certification purposes. The principal basis for this result is that certifications for prime contractors' claims are different from certifications for subcontractors' pass-through claims. Thus, the forced aggregation of such claims for certification purposes would be improper, irrespective of the commonality of the underlying facts. Most telling on this point is that Defendant's motion cites no case where a court or board has held a prime contractor's and subcontractor's pass-through claim to be unitary for certification purposes.

A ruling in Plaintiff's favor also would promote administrative and judicial economy, as any resubmission no doubt would result in a re-denial followed by a re-filing of the underlying action before this Court. A denial of Defendant's motion also would avoid the same sort of "certification silliness" that preceded the enactment of the Court of Federal Claims Technical and Procedural Improvements Act of 1992, Pub.L. No. 102-572. Finally, to the extent – however unlikely – that the Court does grant

Defendant's motion, Plaintiff requests that it do so without prejudice with respect to ENDE's claim resubmission rights.

## II. Statement of Facts

Plaintiff accepts the version of the facts as outlined in Defendant's motion, as those facts were derived from the allegations as set forth in Plaintiff's Complaint. Plaintiff would like to draw the Court's attention to an excerpt from Plaintiff's claim dated July 17, 2002 that is attached to Defendant's motion. Toward the end of that claim submission, on p. 8, ENDE describes the Greenfield pass-through claim as follows:

> A separate item that we didn't present to you in our first submission concerns a cost incurred by our rail car subcontractor, Greenfield Logistics, LLC. They rented rail cars in anticipation of the estimated quantity, and as a result have incurred a cost therefore [sic] in the sum of $38,940.00 for rail cars rented but sent back unused when the pile was exhausted.

Clearly, ENDE treated the Greenfield claim as a separate claim that it sponsored and passed through as part of its July 17, 2002 claim submission. Plaintiff would note that the claim letter dated July 17, 2002 contains the same contents as the letter identified in Plaintiff's Complaint dated July 24, 2002. Neither letter appended any FAR-based or other certification statement.

Of particular interest is that the Contracting Officer's final decision dated September 25, 2002 included the standard appeals paragraph outlining the contractor's right to appeal to the board of contract appeals or to this Court (see p. 12 to Appendix to Defendant's motion). While ENDE is not suggesting that a Contracting Officer can create jurisdiction where none is conferred by statute, the Contracting Officer's act of issuing a final decision instead of returning ENDE's claim as improperly lacking one or

more certifications certainly supports an inference that the Contracting Officer believed that no certification or certifications were warranted.

## III. Legal Argument

While Plaintiff does not quarrel with much of the legal argumentation offered by Defendant with respect to the limited jurisdiction of the Court, the nature of the CDA certification requirement, or purposes behind the CDA certification requirement (see Motion at pp. 3-4), Plaintiff does take issue with Defendant's blithe assumption that just because multiple claims arise from "a single factual premise," they must be aggregated for CDA certification purposes (see Motion at p. 5).[1] For that proposition, Defendant cites Walsky Constr. Co. v. United States, 3 Cl. Ct. 615, 619 (1983). In that case, however, the Court found that:

> While plaintiff's complaint divides its requests for relief for such work into two separate claims, they are in fact so interrelated that separating them serves only to confuse if not mislead. These repair work claims can be understood and disposed of properly only if considered together, and as one.

3 Cl. Ct. at 619 (emphasis added).

Here, the ENDE claims and its subcontractor Greenfield's pass-through claims have always been identified as separate and distinct. ENDE's claims are for $62,427.10 in underabsorbed overhead and $6,619.80 in allowed markup on the Greenfield claim sponsored by it. Greenfield's claim is for $38,940 for the additional costs associated with rail cars that were reasonably secured for subcontract work, but that could not profitably be employed. Granted, the same operative facts may have given rise to both

[1] On this point, Defendant states: "ENDE's claims seek recovery of more than $100,000 based upon a single factual premise – the alleged shortfall between the amount of soil estimated in the contract documents and the amount of soil actually removed and transported. As a result, its claims are subject to the certification requirement of 41 U.S.C. § 605(c)(1) and must be dismissed if not properly certified."

ENDE and Greenfield's claims, but those facts had far different consequences on each party. As such, it would be quite a stretch indeed for the movant here to satisfy the Waslsky court's test that the different claims "are in fact so interrelated that separating them only serves to confuse if not mislead."

The better test is the one enunciated in Placeway Constr. Corp. v. United States, 920 F.2d 903 (Fed. Cir. 1990), where the Court stated:

> [T]he CDA recognizes that a single government contract may give rise to more than one claim, and that a contractor may pursue his rights by filing 'two or more suits' in either one or more fora.

920 F.2d at 907 (citing 41 U.S.C. § 609 (1988)). Under that test, ENDE could have sponsored Greenfield's claim in one action and could have mounted its own claims in an entirely different action. The linchpin to the "two or more suits" test is whether the Defendant could force joinder of the two actions. With the Greenfield claim, the real party in interest is Greenfield; with the ENDE claims, the real party in interest is ENDE. There is no basis for forcing joinder under established case law, and ENDE is free to bring the two sets of claims independently, in keeping with the Placeway test.

Moreover, the law recognizes two forms of CDA certification. For a prime contract, the claimant must certify in substantially similar language the following:

> For claims of more than $100,000, the contractor shall certify that the claim is made in good faith, that the supporting data are accurate and complete to the best of his knowledge and belief, that the amount requested accurately reflects the contract adjustment for which the contractor believes the government is liable, and that the certifier is duly authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 605(c)(1); 48 C.F.R. A prime contractor's certification of a subcontractor's pass-through claim requires only that the prime contractor believe that there exist good

grounds for the subcontractor's claim. Or, as stated in Transamerica Ins. Corp. v. United States, 973 F.2d 1572, 1580 (Fed. Cir. 1992):

> [T]he certification requirement requires not that the prime contractor believe the subcontractor's claim to be certain, but that the prime contractor believe that there is good ground for the claim.

See also United States v. Turner Constr. Co., 827 F.2d 1554, 1561 (Fed. Cir. 1987). Thus, not only do ENDE's and Greenfield's claims constitute separate actions under Placeway, the certifications required for each are separate and distinct. Accordingly, a forced aggregation of claims for certification purposes not only is not warranted, it is improper. Defendant cites no case in the prime contractor / subcontractor setting that would contradict this result.

**IV. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss for lack of subject matter jurisdiction.

Dated: this 19th day of February 2004.

Respectfully Submitted,

**Engineered Demolition, Inc.**

By Counsel:

s/John C. Person
John C. Person, Esquire
PERSON & CRAVER LLP
1801 K Street, N.W.
Washington, D.C. 20006
(202) 466-4434 – phone
(202) 466-4416 – fax

Attorneys for Plaintiff