IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENGINEERED DEMOLITION, INC., Plaintiff, | ) | Case No. 03-2231C (Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, Defendant. | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant, the United States, submits this reply brief in further support of its motion to dismiss plaintiff's complaint for lack of jurisdiction pursuant to RCFC 12(b)(1).

## DEFENDANT'S BRIEF

## ARGUMENT

### Regardless Of Who Brings The Claim, Congress Has Imposed A Certification Requirement Upon Claims That Exceed $100,000 And Are Based Upon The Same Factual Occurrence

Plaintiff, Engineered Demolition, Inc. ("ENDE"), has responded to the Government's motion to dismiss by advancing only one argument – that its claims and the "pass-through" claims of its subcontractor, which all arise from precisely the same alleged breach, should not be aggregated for purposes of determining whether the $100,000 threshold set forth in Section 5(c)(1) of the Contract Disputes Act ("CDA"), 41 U.S.C. § 605(c)(1), has been met. Although ENDE deems it "[m]ost telling" that no reported case, to our knowledge, has reached this conclusion, what is in fact "most telling" is that no reported case reaches the opposite conclusion and that the case to which ENDE refers the Court for guidance and the text of the CDA itself both directly support the Government's position. Because the CDA does not create an exception to the $100,000 threshold and this Court cannot infer a waiver of sovereign immunity, the complaint must be dismissed for lack of subject matter jurisdiction.

ENDE cites Placeway Constr. Corp. v. United States, 920 F.2d 903 (Fed Cir. 1990) for the proposition that the relevant inquiry is whether it could have commenced "two or more suits"

and that aggregation is appropriate if "[d]efendant could force joinder of the two actions." Pl. Resp. at 5. However, neither the Placeway decision nor 41 U.S.C. § 609 suggests, as has ENDE, that the issue of joinder is the "linchpin" of the inquiry. Similarly, Warwick Construction, Inc. v. United States, 225 Ct. Cl. 567, 568-69 650 F.2d 289 (1980), the decision that the United States Court of Appeals for the Federal Circuit cited in Placeway as support for its statement concerning "two or more suits," does not cite the issue of joinder as significant.

Rather, the Federal Circuit explained in Placeway that

> [t]o determine whether two or more separate claims, or only a fragmented single claim, exists, the court must assess whether or not the claims are based on a common or related set of operative facts. If the court will have to review the same or related evidence to make its decision, then only one claim exists. If that claim seeks more than $50,000.00,[1] then certification is required before there can be jurisdiction in the Claims Court. 41 U.S.C. § 605(c) (1988). On the other hand, if the claims as presented to the CO will necessitate a focus on a different or unrelated set of operative facts as to each claim, then separate claims exist that avoid the certification requirement, provided none of them exceeds $50,000.00.

902 F.2d 903. This test is precisely the one upon which we relied in our motion to dismiss, and is precisely the same as that offered in Walsky Constr. Co. v. United States, 3 Cl. Ct. 615 (1983). See Walsky, 3 Cl. Ct. at 619 ("What is vital is whether the demands arose out of essentially interrelated conduct and services, and the same or closely connected facts."). ENDE's suggestion that Walsky and Placeway (which cites Walsky) create separate tests is without merit.

Nor is there any serious doubt that the two claims at issue in this case are "based on a common or related set of operative facts." Both claims rise or fall upon the alleged shortfall between the amount of soil estimated in the contract documents and the amount of soil actually removed and transported, and ENDE even concedes as much in its response. Pl. Resp. at 4-5 ("Granted, the same operative facts may have given rise to both ENDE and Greenfield's claims").

Further, even assuming that ENDE were correct that "joinder" is the proper means of

[1] In 1994, Congress raised the $50,000 threshold to $100,000. Federal Acquisition Streamlining Act of 1994, Pub. L. 103-355, § 2351.

analyzing the inquiry, the nearly complete factual overlap between ENDE's claims and the claims of its subcontractor make it entirely appropriate – and necessary – to try them in one place and at one time. Any other ruling would result in significant inconvenience to the Court, to witnesses with relevant information, and to the Government. Thus, joinder would be appropriate in this circumstance, assuming that it was part of the analysis.

ENDE's arguments concerning the differing certification requirements for a prime contractor's claim and a subcontractor's claim are also unavailing for at least three reasons. First, the mere fact that a prime contractor need not vouch for the certainty of the amount of the pass-through claim in no way changes the prime contractor's obligation to certify the claim in the first instance. See Transamerica Ins. Corp. v. United States, 973 F.2d 1572, 1580 (Fed. Cir. 1992).

Second, ENDE fails to appreciate the fact that, for purposes of litigating this pass-through claim, "the claims of the subcontractor are treated as if they are the claims of the prime contractor." E.R. Mitchell Construction Co. v. Danzig, 175 F.3d 1369, 1371 (Fed. Cir. 1999). Thus, although the CDA provides different certifications for a prime contractor's claim and a pass-through claim, that fact does not establish that the claims "constitute separate actions," as ENDE alleges.

Third, the Contract Disputes Act reflects congressional acknowledgment that claims seeking more than $100,000 from the public fisc – no matter how many parties bring them – are especially serious matters. Beyond the fact that the Act requires certification only of those claims that exceed $100,000, the CDA employs this threshold for another purpose: while claims that do not exceed $100,000 must be decided by the contracting officer within 60 days, the contracting officer may obtain additional time to issue a decision with respect to claims that exceed this amount. 41 U.S.C. § 605(c)(1), (2). This distinction undoubtedly reflects Congress's considered judgment that claims that seek more than $100,000 from the public fisc are of especially significant import, and may warrant greater attention from the contracting officer and the Government simply because of the amount sought from the Treasury. The increased level of

attention that a claim in excess of $100,000 warrants from the Government only serves to underscore the need for a concomitant level of seriousness from the claimant, and confirms the conclusion that certification should be required in all such cases, no matter how many parties stand to benefit.

Finally, as we noted in our moving brief, the Court should reject ENDE's suggestion that it could "provide the signed certification now," during the course of this litigation. Such a belated certification would not be sufficient to confer jurisdiction upon the Court pursuant to the CDA. Scan-Tech Security, L.P. v. United States, 46 Fed. Cl. 326, 339-40 (2000). As this Court explained in Scan-Tech, permitting the belated certification of a claim to this Court, where no effort was made to present such certification to the contracting officer, would be contrary to the CDA's legislative history, would thwart the purpose behind certification, and would effectively preclude the required review of the certification by the contracting officer. Id. (quoting Hamza v. United States, 31 Fed. Cl. 315, 324 (1994) ("the total lack of any certification, in the first instance, remains a jurisdictional prerequisite")); see also Hamilton Sec. Advisory Servs. v. United States, 43 Fed. Cl. 566, 576 (1999) ("The absence of certification on a claim in excess of $100,000.00 is fatal to jurisdiction."). Accordingly, ENDE is foreclosed from presenting certification of the claims now, in this Court.

In sum, regardless of how many parties are bringing the claim, the amount sought in this single litigation exceeds the threshold above which Congress deemed it necessary to impose an additional condition upon the waiver of sovereign immunity. Such a waiver must be construed narrowly and cannot be inferred, and this Court lacks the authority to expand the waiver to situations not expressly and unambiguously contemplated by Congress. See, e.g., Hartog Foods Int'l, Inc. v. United States, 291 F.3d 789, 791 (Fed. Cir. 2002).

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in our motion to dismiss, we respectfully request that the Court grant defendant's motion to dismiss for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 307-0290
Fax (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

Beth Pitrolo
U.S. Army Corps of Engineers

March 8, 2004