**Engineered Demolition v. United States**
03-2231 (Judge Lettow)

# INDEX TO SUPPLEMENTAL APPENDIX IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Letter dated February 10, 2002 from Bill Welch (ENDE) to David Mueller (USACE) ....... 14

Letter dated April 18, 2002 from David Mueller (USACE) to Bill Welch (ENDE) .......... 15

**Engineered Demolition, Inc.**
**3901 Schreiber Way**
**Coeur d'Alene, ID, 83835**
(208)772-2600 Fax (208)772-1900

February 10, 2002

C0426-ENDE02

**ATT:** David Mueller
Department of the Army
St. Louis District, COE
1222 Spruce St.
St. Louis, MO 63103-2833

**REF:**DACAW43-01-C-0426 For Hazelwood Interim Storage Site (HISS) Main Pile Removal Action, Phase 2, FUSRAP, St. Louis, MO

**SUBJECT:** Change in Quantity for excavation & Shipment

Mr. Mueller,

As you are aware the quantity of material scheduled for Excavation, Load out, and Transport for disposal, on this contract, has fallen substantially short of the estimated quantity provided by the USACE in your design documents, and substantially short of the quantity for which we based our negotiations.

This difference is nearly 30% of the total anticipated quantity. The costs negotiated for these two line items, providing payment to ENDE for services performed on this contract, constitute nearly 75% of the total contract value. If there was ever a need for recovery based on variations in estimated quantities, it exists here.

We ask you to consider the following facts;

- These are the highest dollar value line items
- This element of work is a relatively short duration. Less than half of the total contract duration.
- Had ENDE loaded out the remaining quantities suggested to be present during our Contract negotiations, we would have only been on site a maximum of another 10 working days.
- Because of the high dollar value of these line items this is the primary source of overhead recovery and profit allocation on this contract.

Our anticipated overhead expenditures remain unchanged, without the opportunity to recover 30% of the largest allocated portion of overhead due to the above described condition. Absent the VEQ clause in this contract we seek recovery of unabsorbed overhead and direct costs through the Changes Clause, as provided in this Contract. ENDE considers this to b e a material change in our Contract. Had the actual quantity been known during the Contract negotiations, unit prices as well as other costs could have been adjusted to assure all direct jobsite and home office overhead costs were

covered. Respectively, we seek a equitable adjustment for the unabsorbed overhead, direct costs and profit loss as outlined below.

| | | |
|---|---|---|
| 1. | **Unused balance on Contract** | $ 465,426.77 |
| 2. | **10 additional days (not used)** | $ (113,087.60) |
| 3. | **30 rail cars not used at full discounted rate of $7,650.00ea** | $ (229,500.00) |
| 4. | **Add cost for cars returned (see attached billing)** | $ 38,940.00 |
| | **TOTAL ADJUSTED VALUE** | **$161,729.16** |

As indicated above this amount represents the adjusted balance which ENDE would have received had the actual quantities for which the negotiations were based been utilized.

If you have any questions, please do not hesitate to call.

Sincerely

Bill Welch
VP Chief of Operations
ENDE
bill@bigblast.com

cc: Anna Chong/file

DEPARTMENT OF THE ARMY
ST. LOUIS DISTRICT, CORPS OF ENGINEERS
8945 LATTY AVENUE
BERKELEY, MISSOURI 63134

REPLY TO
ATTENTION OF:

April 18, 2002

Subject: Contract No. DACW43-01-C-0426, for Hazelwood Interim Storage Site (HISS), Main Pile Removal Action, Phase 2, FUSRAP, St. Louis, MO
Construction / Operations Division

Mr. Bill Welch
Engineered Demolition, Inc.
3901 Schreiber Way
Coeur d'Alene, ID 83835

Dear Mr. Welch:

I am writing in reply to your letter of February 10, 2002 in which you requested an equitable adjustment of $161,729.16 on behalf of your company for the subject contract. The basis of your claim is that less material was excavated from the HISS Main Pile than had been anticipated. You state that ENDE had fixed overhead for this job and had to return unused railcars as a result of the lesser quantity of material excavated.

The Corps' Claims Team, comprised of the Contracting Division, Office of Counsel and myself met to consider this claim. The Claims Team's determination was that we had no basis within the contract to find merit for your claim. Your very letter points out that this contract did not have a "Variation in Estimated Quantities" (VEQ) clause. The ENDE contract was a services contract and not a construction contract, hence no VEQ clause. Nor do we find a mechanism, within the Federal Acquisition Regulation (FAR), to compensate your company for "unabsorbed overhead" or "anticipated profit".

Should you have additional questions about this determination, you may contact myself at (314) 260-3930 or Mr. Mark Wunsch, Assistant District Counsel, at (314) 331-8732.

Sincerely,

David E. Mueller

David E. Mueller, P.E.
Contracting Officer's Representative

RECEIVED
APR 22 2002

16