IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENGINEERED DEMOLITION, INC.,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-2231C<br>(Judge Lettow) |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegations contained in the first sentence of paragraph 4 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations in the second sentence of paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegation contained in paragraph 7 that, on August 31, 2001, the parties entered into Contract No. DACW43-01-C-0426; admits the remaining allegations to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations of paragraph 8 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations of paragraph 9 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations of paragraph 10 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Denies.

12. Admits the allegations of paragraph 12 to the extent supported by the contract and meeting minutes cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Denies.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. Admits the allegations contained in paragraph 16 that plaintiff removed of 6,678 cubic yards of material and disposed of 773 cubic yards of material at the work site; otherwise denies the allegations contained in paragraph 16.

17. Admits the plaintiff was paid for the excavation of material actually excavated at the unit price specified by the contract, and for the transportation of material actually transported at the unit price specified by the contract; otherwise denies the allegations contained in paragraph 17.

18. Denies the allegations contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 18.

19. Denies.

20. Admits that, on July 17, 2002, ENDE filed a claim in the aggregate amount of $107,987, including sponsorship of a pass-through claim in the amount of $38,940; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegation contained in the first sentence of paragraph 21 that, by letter dated September 25, 2002, the contracting officer issued a final decision denying ENDE's claim submitted on July 17, 2002; otherwise denies the allegations contained in the first sentence of paragraph 21. Denies the allegations contained in the second sentence of paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Admits the allegations of paragraph 22 to the extent supported by the contract and the contracting officer's final decision, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 22.

23. The allegations contained in paragraph 23 constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

25. Denies that plaintiff is entitled to the relief set forth in the "Wherefore" paragraph immediately following paragraph 24, or to any relief whatsoever.

26. Defendant's responses to the allegations contained in paragraphs 1 through 24 are incorporated by reference.

27. The allegations contained in paragraph 26 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 27 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

29. Denies that plaintiff is entitled to the relief set forth in the "Wherefore" paragraph immediately following paragraph 27, or to any relief whatsoever.

30. Defendant's responses to the allegations contained in paragraphs 1 through 27 are incorporated by reference.

31. The allegations contained in paragraph 29 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 31 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. Denies that plaintiff is entitled to the relief set forth in the "Wherefore" paragraph immediately following paragraph 31, or to any relief whatsoever.

35. Defendant's responses to the allegations contained in paragraphs 1 through 31 are incorporated by reference.

36. The allegations contained in paragraph 33 constitute conclusions of law and

plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 34 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. Denies the allegations contained in paragraph 35.

39. Denies that plaintiff is entitled to the relief set forth in the "Wherefore" paragraph immediately following paragraph 35, or to any relief whatsoever.

40. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel. (202) 307-0290
Fax (202) 514-8624

OF COUNSEL:

Beth Pitrolo
U.S. Army Corps of Engineers

June 21, 2004

Attorneys for Defendant