IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ENGINEERED DEMOLITION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2231C |
| v. | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL FOR LACK OF JURISDICTION AND FOR SUMMARY JUDGMENT**

Pursuant to Rules 12(b)(1) and 56 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully replies to the opposition of plaintiff Engineered Demolition, Inc. ("ENDE") to defendant's motion for partial dismissal for lack of jurisdiction and for summary judgment.

**DEFENDANT'S BRIEF**

**I. ENDE Cannot Prevail Upon Count II Or Count III Of Its Complaint**

In the section of our dispositive motion addressing Counts II and III of ENDE's complaint, we first noted that ENDE had disavowed reliance upon its contention that the United States Army Corps of Engineers ("USACE") had issued a directive to change the final grade elevation of the HISS main pile, and we sought summary judgment upon these counts to the extent they were based upon this contention. ENDE has not challenged our assertion and, as a result, partial summary judgment is warranted.

With respect to the remaining portions of Counts II and III, which seek an equitable adjustment stemming from ENDE's allegation that USACE directed ENDE to deposit material

into a pre-existing depression, ENDE cannot overcome the jurisdictional and factual flaws that we have identified.

First, ENDE has failed to identify a single communication, whether written or oral, that in any way serves as notice of an objection to USACE's alleged "directive" to deposit material into a pre-existing depression. As we explained in our dispositive motion, this failure not only bars relief under the "Changes" clause of the contract, Def. App. 40 ("The Contractor must assert its right to an adjustment under this clause within 30 days from the date of receipt of the written order."), but also deprives the Court of jurisdiction to entertain plaintiff's claims pursuant to the Contract Disputes Act. See 41 U.S.C. § 605(a); Sharman Co. v. United States, 2 F.3d 1564, 1568-69 (Fed. Cir. 1993), overruled on other grounds, Reflectone, Inc. v. Dalton, 60 F.3d 1572 (Fed. Cir. 1995).

Relying upon Contract Cleaning Maintenance, Inc. v. United States, 811 F. 2d 586, 592 (Fed. Cir. 1987), ENDE asserts on page 13 of its opposition that it provided USACE with "adequate notice of the basis of the amount of the claim" when it notified the contracting officer about the existence of a quantity shortfall. Particularly when read against the Changes clause itself, this argument effectively renders meaningless the requirement articulated by the Federal Circuit that, as a prerequisite to bringing a claim under the Contract Disputes Act, a contractor identify not only the "amount," but also the "basis" of its claim. Id. ENDE's argument boils down to its assertion that it provided notice to the USACE of the "basis" for its equitable adjustment when the only specific change that it in fact identified – "that the government decided that the final grade would be determined with respect to the elevation of the haul road," Def. App. 62 – is one for which ENDE no longer seeks recovery. The "operative fact" giving rise to

ENDE's current request for an equitable adjustment in Counts II and III – i.e., USACE's alleged "directive" to deposit excavated material into a pre-existing depression – was never presented to the contracting officer and, as a result, Counts II and III are not within the scope of this Court's jurisdiction. See ECC Int'l Corp. v. United States, 43 Fed. Cl. 359, 367 n.6 (1999) (court did not possess jurisdiction to consider claim purportedly brought pursuant to Contract Disputes Act where "claim relie[d] on facts . . . that were never presented to the contracting officer and never addressed in a final decision.").

Second, even assuming that the Court possess jurisdiction to consider Counts II and III, ENDE has not accounted for the related fact that it voluntarily deposited materials from the main pile into the "overexcavated" area. On pages 14-15 of its brief ENDE relies upon ambiguous deposition testimony of William Welch to suggest that the idea to fill in this area originated with the USACE. However, the origin of this arrangement is of no moment, for neither Mr. Welch's testimony nor any evidence to which ENDE has pointed suggests that ENDE in any way objected to this "directive." Undoubtedly motivated by a desire to avoid having to incur costs to haul in outside material to fill the overexcavated area, ENDE simply agreed with the USACE to solve the overexcavation problem by filling the depression with newly excavated material from the HISS main pile. ENDE never suggested that this arrangement would cause it to incur additional expense and, had it done so in accordance with the Changes clause of the contract, the contracting officer might have suggested that ENDE fix the overexcavation problem in another fashion.[1] In the absence of any objection from ENDE or any timely suggestion that USACE's

---

[1] In this respect, the case is distinguishable from those cases upon which plaintiff relies on page 14 of its brief suggesting that a party is not contractually barred from seeking an

(continued...)

"directive" caused it to incur additional costs, ENDE is not entitled under the terms of the contract to recover the costs of work that it voluntarily performed.

## II. ENDE Cannot Prevail Upon Count IV Of Its Complaint

Our motion to dismiss and for summary judgment raised a series of arguments with respect to Count IV of ENDE's complaint. ENDE has not adequately responded to any of them.

First, ENDE does not address the fact, pointed out on pages 15-16 of our dispositive motion, that Count IV of its complaint is not a claim for negligently estimating the size of the pile to be removed but, by its terms, a claim for failing to predict that the size of the pile would be decreased as a result of future directives. Even after being confronted with this pleading deficiency, ENDE has not sought leave to amend its complaint to include the negligent estimation theory it now espouses. Although phrased in terms of negligence, Count IV is simply a restatement of the equitable adjustments sought in Counts II and III, and fails for this reason alone.

Nor does ENDE address the statements of its own General Counsel, Craig Kosonen, whose correspondence with the contracting officer confirms that the basis for ENDE's claim when it was presented was not negligent measurement of the pile, as ENDE espouses in its latest theory of the case, but its now-abandoned theory that USACE issued a "directive" to change the

---

[1](...continued)
equitable adjustment even though it has failed to comply with the 30-day notice provision of the Changes clause. To the extent ENDE actually incurred additional costs as a result of the "directive" about which it now complains, these costs could have been avoided had ENDE voiced a complaint at the time. Its failure to do so prejudices the Government and therefore warrants strict compliance with the 30-day notice provision of the contract. Such failure is independent of its failure to present the "directive" at issue as a claim to the contracting officer, which failure prevents the Court from exercising jurisdiction over plaintiff's claims.

finish grade. Def. App. 61-62. ENDE never suggested to the contracting officer that the size of the pile had been negligently estimated and, as Mr. Kosonen's letter makes clear, specifically disclaimed any reliance upon the size of the pile as a ground for recovery. Because the "negligent estimation" claim was never presented to the contracting officer, this Court lacks jurisdiction to entertain it.

Finally, ENDE's attempts to defend its negligent estimation claims upon the merits are unpersuasive. ENDE has agreed that the quantity of cubic yardage to be removed set forth in the contract was merely an estimate and was not guaranteed, and that it was afforded the right to perform a site survey but declined to do so. Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Facts Nos. 4-8. Although it is true, as ENDE suggests, that a bidder "is not required to make extensive engineering efforts prior to bidding to verify the site conditions indicated in the contract," Pl. Br. at 16 (citing Dawco Constr. Co. v. United States, 18 Cl. Ct. 682 (1989), aff'd in part and rev'd in part, 930 F.2d 872 (Fed. Cir. 1991)), neither Dawco nor the other cases upon which ENDE relies on page 16 of its brief, Kaiser Industries Corp. v. United States, 169 Ct. Cl. 310 (1965) and North-Slope Tech. Ltd. v. United States, 14 Cl. Ct, 242 (1988), concerns a contractor's obligations under the "Site Visit" clause. Instead, each case focuses upon the entirely different question of the extent to which a contractor is obligated to detect unusual subsurface conditions in connection with a differing site conditions claim. In this case, ENDE has not brought a differing site conditions claim, and is instead asserting that the Government acted negligently in preparing its estimate. However, the contract between the parties expressly made clear that USACE was making no guarantee as to the size of the pile to be removed and placed the risk of a quantity shortfall upon the bidder, which retained the option

either to perform a survey of its own or not to bid upon the contract. ENDE, which presumably would not be complaining had the amount to be excavated turned out greater than had been estimated, bears the consequences of its decision to move forward without a survey.

ENDE's arguments concerning the accuracy of the Government's estimates, which appear to acknowledge that estimates must be drastically inaccurate in order to be actionable and instead challenge the good faith and honesty of the persons who prepared them, fare no better. ENDE has proffered no evidence suggesting that any Government employee intentionally overlooked evidence or failed to take into account available information, and its unsupported allegations ring hollow in the face of the presumption that Government employees are presumed to perform their duties in good faith. See, e.g., Franklin Savings Corp. v. United States, 56 Fed. Cl. 720, 746 (2003). At best, the record shows that the estimate that USACE incorporated into the solicitation turned out to be less accurate than one that had been previously been prepared. Neither the existence of a discrepancy between the estimated and actual size of the pile nor the fact that the Government's estimate could have been more accurate had a different calculation been used gives rise to an inference that the Government acted in bad faith. ENDE's arguments are simply an attempt to convert the Government's estimate of the quantity to be removed into a guaranteed minimum and, in the absence of proof of bad faith or a drastic discrepancy, are unpersuasive.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in our motion, we respectfully request that the Court grant our motion for partial dismissal and for summary judgment.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/Andrew P. Averbach
ANDREW P. AVERBACH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel. (202) 353-0527
Fax. (202) 305-2118

Attorneys for Defendant

Of counsel:

Beth Pitrolo
U.S. Army Corps of Engineers

January 6, 2006